FILED
11/23/2020 7:11 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Roxanne Mujica

5:21-CV-00151

**CIT PPS**

CAUSE NO. **2020CI22812**

| | | |
|---|---|---|
| **ERNESTINE KEMPEN,** § | | IN THE DISTRICT COURT |
| *Plaintiff,* § | | |
| § | | |
| v. § | | **57TH** JUDICIAL DISTRICT |
| § | | |
| **COSTCO WHOLESALE CORP.,** § | | |
| *Defendant.* § | | BEXAR COUNTY, TEXAS |
| § | | |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff Ernestine Kempen ("**Ms. Kempen**") and complains of Defendant Costco Wholesale Corp. ("**Defendant**" and/or "**Costco**") and for the following causes of action respectfully shows:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiffs intend that discovery be conducted under Level 3 pursuant to TEXAS RULE OF CIVIL PROCEDURE 190.4.

### II.
### PARTIES

2. Ms. Kempen is an individual residing in Bexar County, Texas. Pursuant to CIVIL PRACTICE AND REMEDIES CODE §30.014, the last three numbers of her Texas Driver's License number are 234 and the last three numbers of her SSN are 138.
3. Defendant is a business entity located at: 15330 IH 35N, Selma, Texas 78154.

### III.
### JURISDICTION & VENUE

4. This Court has personal jurisdiction over Defendant because it is conducts business in the state of Texas.

5. The amount in controversy is within the jurisdictional limits of this Court, and the subject matter of this suit falls within the general jurisdiction granted to this Court.
6. Venue is proper in Bexar County pursuant to § 15.002(a)(1) and (2) of the CIVIL PRACTICE & REMEDIES CODE because the events or omissions giving rise to this lawsuit occurred in Bexar County, Texas.

## IV.
## FACTS

7. On or about October 10, 2019 Ms. Kempen was a customer shopping at Defendant's Costco Selma Warehouse located at 15330 IH-35N, Selma, Texas 78154.
8. Plaintiff was a business invitee to whom Defendant owed a duty of care to protect her from injury. As Plaintiff was walking, Plaintiff slipped on the wet premises causing severe injuries to her body.
9. The unreasonably dangerous condition caused by the wet surface on Defendant's premises proximately caused Plaintiff's injuries and need for medical treatment.
10. Defendant breached the duty of care it owed to Plaintiff as a business invitee and it was both negligent and grossly negligent in its failure to exercise ordinary care in maintaining a safe shopping environment for Plaintiff and others who were similarly situated.
11. Plaintiffs suffered damages as a result of the accident.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT

**Premises Liability**

12. Defendant was responsible, maintained, owned, and assumed control of the premises located at 15330 IH-35N, Selma, Texas 78154 that forms the basis of this suit.
13. Plaintiff was an invitee on the premises because she entered Defendant's premises with Defendant's knowledge and for the economic benefit of Defendant.
14. Defendant owed Plaintiff a duty of ordinary care to adequately warn Plaintiff of the conditions on the premises posing an unreasonable risk of harm or to make the conditions reasonably safe.

15. Defendant knew or should have known of the conditions, that the conditions were dangerous, and that the conditions posed an unreasonable risk of harm to Plaintiff and others similarly situated.
16. Defendant breached its duty of ordinary care to Plaintiff by failing to warn of the dangerous condition and by failing to make the condition reasonably safe.
17. Plaintiff suffered damages as a result of Defendant's negligent acts and/or omissions.

## VI.
## DAMAGES

18. Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.
19. Defendant's negligent actions and/or omissions have caused Plaintiff bodily injury, physical pain, and mental anguish. Plaintiff's injuries may be permanent in nature such that Plaintiff may suffer future physical pain, disfigurement, and mental anguish.
20. Defendant's negligent actions and/or omissions have caused Plaintiffs to incur significant expenses for medical care and will likely cause Plaintiffs to incur significant medical expenses in the future.
21. Plaintiffs have suffered losses and damages in sum within the jurisdictional limits of this Court.
22. Plaintiffs asserts that the amount of any monetary damages awarded to Plaintiffs should be decided by a jury of Plaintiff's peers. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief of at least one million dollars ($1,000,000.00 USD) and a demand for judgment for any and all such other relief to which Plaintiff is justly entitled.

## VII.
## CONDITIONS PRECEDENT

23. All conditions precedent to recovery have been performed or have occurred.

## VIII.
## INTEREST

24. Plaintiff further requests both pre-judgment and post-judgment interest on all Plaintiffs' damages as allowed by law.

## IX.

## DEMAND FOR JURY TRIAL

25. Plaintiffs demand a trial by jury. Plaintiffs acknowledge payment this date of the required jury fee.

## X.
## NOTICE OF SELF-AUTHENTICATION

26. Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Defendant be cited to appear and answer, and on final trial hereafter, and that Plaintiffs is given judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiffs may be entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Pre-judgment interest;
14. Post-judgment interest; and
15. Exemplary damages.

*Signature page follows.*

*Ernestine Kempen v. Costco,*
*Plaintiffs' Original Petition*

Respectfully Submitted,

**THOMAS J. HENRY INJURY ATTORNEYS**
5711 University Heights Blvd., Ste. 101
San Antonio, TX 78249
Tel. (361) 985-0600
Fax. (361) 985-0601

By: /s/ William B. McConnell
William B. (Brad) McConnell, Esq.
SBN: 24093630
Email: bmcconnell@thomasjhenrylaw.com
*Service: bmcconnell-svc@thomasjhenrylaw.com

**ATTORNEY FOR PLAINTIFF**